IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DENNIS R. LATNEY                                                    PETITIONER

VS.                                         CIVIL ACTION NO. 4:10-cv-00208-DPJ-FKB

ATTORNEY GENERAL
STATE OF MISSISSIPPI                                              RESPONDENT

## REPORT AND RECOMMENDATION

This cause is before the Court on the petition for writ of habeas corpus filed by

Dennis R. Latney, a state prisoner in the custody of the Mississippi Department of

Corrections.  Having considered the petition and response, as well as Respondent's

Motion to Dismiss for Failure to Exhaust (Docket No. 13) and the parties' filings related

thereto, the undersigned recommends that the petition be dismissed without prejudice.

## I. FACTS AND PROCEDURAL HISTORY

On April 8, 2009, Dennis Latney signed a Petition to Enter Plea of Guilty in the

Circuit Court of Clarke County, Mississippi.  Docket No. 13-1, p. 1.  Latney sought *via* that

petition to plead guilty to sexual battery.  Latney's guilty plea was accepted and he was

sentenced on August 8, 2009 to eight years in the custody of the Mississippi Department

of Corrections, with eight years suspended provided certain conditions were met.  Docket

No. 13-2, p. 1.  On the same day he signed his Petition to plead guilty to sexual battery,

Latney also signed a petition to plead guilty to possession of stolen property, which was

subsequently filed with the Circuit Court of Clarke County.  Docket No. 13-3, p. 3.  This

plea was also accepted and Latney was sentenced to three years in the custody of the

Mississippi Department of Corrections, with three years suspended, provided certain

conditions were met.  Docket No. 13-4, p. 2.  By Order filed February 25, 2010, Latney's probation was revoked with respect to the suspended sentence on the receiving stolen property charge.  Docket No. 13-5, p. 1.  By Order dated April 7, 2010, Latney's probation was revoked as to the sexual battery charge as well.  Docket No. 13-6, p. 1.

On December 1, 2010, Latney filed the instant petition alleging that an "involuntary guilty plea" and "newly discovered evidence" entitle him to be released from custody. Docket No. 1.  Respondent has filed a Motion to Dismiss for Failure to Exhaust contending that because Latney has never presented these two grounds for relief to the Mississippi Supreme Court, the petition must be dismissed.

## II. ANALYSIS

Since he pled guilty, Latney could not pursue a direct appeal to the Mississippi Supreme Court.  Miss. Code Ann. § 99-35-101.  However, Latney could have sought post-conviction collateral relief in state court *via* Miss. Code Ann. 99-39-1, *et seq*.

Latney claims that he filed a petition for post-conviction collateral relief with the Clarke County Circuit Court.  Docket Nos. 7, 17.  Although Latney states that he still has a copy of his post-conviction collateral relief petition that he mailed, he admits that he never received any "reply back from [the] Clark [sic] County court."  Docket Nos. 7, 17. Respondent represents that contact with the Clarke County Circuit Clerk's Office revealed that there is no record of Latney having filed a post-conviction collateral relief petition, and no record of any such filing has been presented to this Court.

In *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), the Supreme Court held that where discretionary review is part of the  state's established appellate process, that review must

be pursued in order for appellate review to meet the exhaustion requirement of § 2254.

As the Fifth Circuit has noted, the purpose of the exhaustion requirement is to "protect

states' interests in the enforcement of federal laws and prevent disruption of state judicial

proceedings." Earhart v. Johnson, 132 F.2d 1062, 1065 (5th Cir. 1998).  It is unclear to the

undersigned whether Latney seeks to challenge his underlying convictions or revocations

in the instant habeas petition.[1]  See, e.g., Docket No. 9.  Regardless, this court may not

grant habeas relief unless Latney has exhausted available state court remedies.  Woodfox

v. Cain, 609 F.3d 774, 790-91 (5th Cir. 2010).  Based on the record before this Court,

Latney has failed to exhaust his available state court remedies as to his convictions and

revocations, although a petition for post-conviction collateral relief regarding his

convictions or revocations would not appear to be time-barred if filed in state court at this

time.  See Miss. Code Ann. § 99-39-5.  Therefore, this Court recommends that

Respondent's Motion to Dismiss for Failure to Exhaust be granted and that Latney's

current petition be dismissed without prejudice for failure to exhaust.

### III.  CONCLUSION

For the foregoing reasons, the undersigned recommends that habeas relief be

denied and the petition dismissed without prejudice. The parties are hereby notified that

failure to file written objections to the proposed findings, conclusions, and

recommendation contained within this report and recommendation within fourteen (14)

days after being served with a copy shall bar that party, except upon grounds of plain

---

[1]If Latney seeks to challenge his state court convictions, the instant habeas petition, absent application of another statutory provision or exception, would be barred by the one-year statute of limitations set forth in 28 U.S.C. §2244(d)(1)(A).

3

error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 16th day of January, 2012.

/s/F. Keith Ball
UNITED STATES MAGISTRATE JUDGE